Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Joseph M. Graham (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC, | Case No. 19-11608 (___) |
| Debtor. | |
| Tax I.D. No. 27-0542143 | |
| In re: | Chapter 11 |
| DREAM II HOLDINGS, LLC, | Case No. 19-11607 (___) |
| Debtor. | |
| Tax I.D. No. 47-1927915 | |
| In re: | Chapter 11 |
| HOLLANDER HOME FASHIONS HOLDINGS, LLC, | Case No. 19-11609 (___) |
| Debtor. | |
| Tax I.D. No. 27-0542063 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS KENTUCKY, LLC, | ) ) | Case No. 19-11610 (___) |
| Debtor. | ) | |
| Tax I.D. No. 90-1014119 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| | ) | |
| PACIFIC COAST FEATHER, LLC, | ) | Case No. 19-11611 (___) |
| Debtor. | ) | |
| Tax I.D. No. 91-0891445 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| | ) | |
| PACIFIC COAST FEATHER CUSHION, LLC, | ) | Case No. 19-11612 (___) |
| Debtor. | ) | |
| Tax I.D. No. 93-1063119 | ) | |
| | | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS CANADA LIMITED, | ) ) | Case No. 19-11613 (___) |
| Debtor. | ) | |
| Tax I.D. No. 13902-3477 | ) | |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (A) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

2

KE 61161375

**Relief Requested**

1. By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "Court") maintain one file and one docket for all of the jointly administered cases under the case of Hollander Sleep Products, LLC, and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*[1], | ) | Case No. 19-11608 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Hollander Sleep Products, LLC:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Dream II Holdings, LLC; Hollander Home Fashions Holdings, LLC; Hollander Sleep Products, LLC; Pacific Coast Feather, LLC;

3

> Hollander Sleep Products Kentucky, LLC; Pacific Coast Feather Cushion, LLC; and Hollander Sleep Products Canada Limited. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-11608 (___).

4. The Debtors also seek authority to fulfill their monthly operating report requirements required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## Jurisdiction and Venue

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

KE 61161375

## Background[1]

8.     Hollander Sleep Products is the largest pillow and mattress pad manufacturer in North America. The Debtors also manufacture comforters and other basic bedding products. The Debtors have their own brands, including Great Sleep®, I AM®, LC®, PCF®, and Restful Nights®, and also manufacture and sell licensed brands, including Simmons®, Ralph Lauren®, CHAPS®, Calvin Klein®, Therapedic®, Nautica®, 37.5®, and Dr. Maas®. The Debtors are headquartered in Boca Raton, Florida, operate a main showroom in New York City, and have thirteen manufacturing facilities throughout the United States and Canada. The Debtors generated approximately $527 million in net revenue in fiscal year 2018 and currently employ more than 2,300 people across the United States and Canada. As of the date hereof, the Debtors have approximately $233 million in funded debt.

9.     On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Basis for Relief

10.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

---

[1]  The facts and circumstances supporting this motion are set forth in the *Declaration of Marc Pfefferle, Chief Executive Officer of Hollander Sleep Products, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.

5

11. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See*, *e.g.*, *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019) (ordering joint administration of the debtors' cases); *In re FULLBEAUTY Brands Holdings Corp.*, No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2019) (same); *In re Aegean Marine Petroleum Network Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 17, 2018) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same); *In re Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 5, 2018) (same).[2]

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections in each Debtor's chapter 11 case. Joint administration will also allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency by allowing such parties to focus on one case docket.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

KE 61161375

the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Motion Practice

15.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## Notice

16.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent for the Debtors' term loan facility and counsel thereto; (d) the administrative agent for the Debtors' asset-based loan credit facility and counsel thereto; (e) the administrative agent for the Debtors' proposed debtor in possession term loan financing facility and counsel thereto; (f) the administrative agent for the Debtors' proposed debtor in possession asset-based loan credit facility and counsel thereto; (g) the United States Attorney's Office for the Southern District of New York; (h) the Internal Revenue Service; (i) the attorneys general for the states in which the Debtors operate; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

17. No prior request for the relief sought in this motion has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

KE 61161375

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated:  May 19, 2019 | */s/ Joshua A. Sussberg*<br>Joshua A. Sussberg, P.C.<br>Christopher T. Greco, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>- and -<br><br>Joseph M. Graham (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

KE 61161375

# Exhibit A

## Proposed Order

KE 61161375

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS, LLC, | Case No. 19-11608 (___) |
| Debtor. | |
| Tax I.D. No. 27-0542143 | |
| In re: | Chapter 11 |
| DREAM II HOLDINGS, LLC, | Case No. 19-11607 (___) |
| Debtor. | |
| Tax I.D. No. 47-1927915 | |
| In re: | Chapter 11 |
| HOLLANDER HOME FASHIONS HOLDINGS, LLC, | Case No. 19-11609 (___) |
| Debtor. | |
| Tax I.D. No. 27-0542063 | |
| In re: | Chapter 11 |
| HOLLANDER SLEEP PRODUCTS KENTUCKY, LLC, | Case No. 19-11610 (___) |
| Debtor. | |
| Tax I.D. No. 90-1014119 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| PACIFIC COAST FEATHER, LLC, | ) Case No. 19-11611 (___) |
| Debtor. | ) |
| Tax I.D. No. 91-0891445 | ) |
| In re: | ) Chapter 11 |
| PACIFIC COAST FEATHER CUSHION, LLC, | ) Case No. 19-11612 (___) |
| Debtor. | ) |
| Tax I.D. No. 93-1063119 | ) |
| In re: | ) Chapter 11 |
| HOLLANDER SLEEP PRODUCTS CANADA LIMITED, | ) Case No. 19-11613 (___) |
| Debtor. | ) |
| Tax I.D. No. 13902-3477 | ) |

**ORDER (A) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern*

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

KE 61161375

*District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 19-11608 (___).

3. The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*[1], | ) | Case No. 19-11608 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

3

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Hollander Sleep Products, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Dream II Holdings, LLC; Hollander Home Fashions Holdings, LLC; Hollander Sleep Products, LLC; Pacific Coast Feather, LLC; Hollander Sleep Products Kentucky, LLC; Pacific Coast Feather Cushion, LLC; and Hollander Sleep Products Canada Limited. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-11608 (___).

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York  
Dated: _____, 2019

                                                UNITED STATES BANKRUPTCY JUDGE