Joshua A. Sussberg, P.C.
Christopher T. Greco, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Joseph M. Graham (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HOLLANDER SLEEP PRODUCTS, LLC, *et al.*,[1] | ) Case No. 19-11608 (MEW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Marc Pfefferle has signed each set of Schedules and Statements. Mr. Pfefferle serves as Chief Executive Officer of Debtor Hollander Sleep Products, LLC and is an authorized signatory for each of the Debtors in these chapter 11 cases. In reviewing and signing the Schedules and Statements, Mr. Pfefferle has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their legal and financial advisors. In light of the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Dream II Holdings, LLC (7915); Hollander Home Fashions Holdings, LLC (2063); Hollander Sleep Products, LLC (2143); Pacific Coast Feather, LLC (1445); Hollander Sleep Products Kentucky, LLC (4119); Pacific Coast Feather Cushion, LLC (3119); and Hollander Sleep Products Canada Limited (3477). The location of the Debtors' service address is: 901 Yamato Road, Suite 250, Boca Raton, Florida 33431.

size and complexity of the Debtors' business, Mr. Pfefferle has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.

For the avoidance of doubt, the Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Court.

In no event shall the Debtors or their directors, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, officers, agents, attorneys, or financial advisors are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1. **Description of Cases.** On May 19, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases are being jointly administered. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2. **Global Notes Control.** These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the

2

Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)    **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as (i) an admission or stipulation of the validity of any claim against the Debtors or any assertion made therein or herein or (ii) a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)    **Recharacterization and Classifications.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

For the avoidance of doubt, listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(c)    **Claims Description.** Any failure to designate a claim on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." Each Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtors against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(d)    **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to

3

the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

(e)    **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified all current and potential causes of action the Debtors may have against third parties in their respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

(f)    **Intellectual Property Rights.**  Exclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property rights should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(g)    **Insiders.**  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to certain individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.  In the interest of additional disclosure, the Debtors have also included certain individuals who may have officer titles in their responses to Statements, Part 13, Question 28.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for (1) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual exercised management responsibilities or functions or corporate decision-making authority over the Debtors, or (iii) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

4

4.    **Methodology.**

(a)    **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)    **Confidential Information.**  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts.  Typically, the Debtors have used this approach because of a confidentiality agreement between the Debtors and a third party, for the protection of sensitive commercial information, or for the privacy of an individual.

(c)    **Umbrella or Master Agreements.**  Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor entity that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

(d)    **Executory Contracts.**  Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

KE 62188637

(e)  **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(f)  **Net Book Value.**  In certain instances, current market valuations for individual items of property and other assets are neither maintained by nor readily available to the Debtors.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of May 19, 2019.  Market values may vary, at some times materially, from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property and other assets.  Accordingly, the Debtors have indicated in the Schedules and Statements that the market values of certain assets and liabilities are undetermined.  Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(g)  **Undetermined Amounts.**  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(h)  **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(i)  **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(j)  **Property and Equipment.**  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(k)  **Allocation of Liabilities.**  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(l)  **Paid Claims.**  The Debtors have authority to pay certain outstanding prepetition payables pursuant to Court orders, including the *Interim Order (I) Authorizing the Debtors to Pay Prepetition Claims of (A) Lien Claimants, (B) Import Claimant,*

*(C) 503(B)(9) Claimants, (D) Foreign Vendors, and (E) Critical Vendors, (II) Confirming Administrative Expense Priority of Outstanding Orders, and (III) Granting Related Relief* [Docket No. 49]. As such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on account of prepetition payables. Where and to the extent these liabilities have been satisfied as of the date hereof, they are not listed in the Schedules and Statements. In some instances, the Debtors have the authority to pay a prepetition liability but that amount remains unpaid or is partially paid as of the filing of the Schedules. In such cases, these amounts are marked as "contingent." To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest.

(m)    **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such adjustments in the ordinary course of business on a postpetition basis.

(n)    **Intercompany Claims.** Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

(o)    **Guarantees and Other Secondary Liability Claims.** The Debtors have exercised reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor. The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue to review their books, records, and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

7

(p)  **Excluded Assets and Liabilities.**  The Debtors have potentially excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; certain intangibles; deferred revenue accounts; and certain accrued liabilities. Other immaterial assets and liabilities may also have been excluded.

(q)  **Liens.**  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(r)  **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars. To the extent any amounts had to be converted to U. S. dollars, the conversion rate used was as of May 19, 2019.

(s)  **Controlling Shareholders.**  For purposes of the Schedules and Statements, the Debtors define "controlling shareholders" to include entities that directly hold in excess of 20% of the voting shares of the applicable Debtor entity. Entities listed as "controlling shareholders" have been included for informational purposes only. The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could successfully argue that it is not a "controlling shareholder" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

(t)  **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, credits, rebates, returns, refunds, and negotiations and/or disputes between the Debtors and their customers and/or suppliers.  These normal, ordinary course setoffs and nettings are common to the industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware and/or of which the Debtors have approved to effectuate in the claims process of their chapter 11 cases.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.  **Specific Schedules Disclosures.**

(a)  **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.**  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto,*

8

*(C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 4] (the "Cash Management Motion") and the interim order of the Court granting the Cash Management Motion [Docket No. 47].

The Debtors' cash balances are as of May 19, 2019.

(b)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(c)     **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.**  Dollar amounts are presented net of accumulated depreciation and other adjustments.  Furniture and fixtures are recorded as a single line item on the Debtors' books and records, and, as a result, the Debtors have disclosed these items together in response to Question 39.  The Debtors believe it would be unduly burdensome and costly for the Debtors to separate this line item into separate responses for Questions 39 and 40.

(d)     **Schedule A/B, Part 11 – All Other Assets.**  Dollar amounts are presented net of impairments and other adjustments.  The value of all assets listed on Schedule A/B are as of May 19, 2019.

Additionally, the Debtors may receive refunds for sales and use tax at various times throughout their fiscal year.  As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtors and Rights to Setoff Claims.***  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, credits, rebates, or refunds with their customers and suppliers or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which such Debtor has asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant.  Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

***Interests in Insurance Policies or Annuities.***  A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered Into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew,*

KE 62188637

*Supplement, Modify, or Purchase Insurance Coverage, and (C) Continue to Pay Brokerage Fees, and (II) Granting Related Relief* [Docket No. 15]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. Such policies have all been included on Schedule A/B, Part 11, with values listed as "undetermined."

***Executory Contracts and Unexpired Leases.*** Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have only listed such agreements on Schedule G.

(e)      **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, including the Debtors' rights pursuant to paragraph 42 of the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Lenders, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Docket No. 53].

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe such claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

(f)      **Schedule E/F – Creditors Who Have Unsecured Claims.**

***Part 1 – Creditors with Priority Unsecured Claims.*** Pursuant to the *Interim Order (A) Authorizing the Payment of Certain Prepetition Taxes and Fees and (B) Granting Related Relief* [Docket No. 86] (the "Interim Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims

10

based upon prepetition tax accruals that have been paid pursuant to the Interim Taxes Order are not listed in Schedule E.

Furthermore, pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses, and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 48], the Debtors received interim authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, incurred in the ordinary course of business. The Debtors believe that certain non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been satisfied, and such satisfied amounts are not listed. To the extent non-insider severance benefits have not been paid up to the statutory cap of $13,650 set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code as of the date hereof, the unpaid portion of such priority amount has been listed on Schedule E and marked as "contingent." To the extent the Debtors later pay any of the priority amounts listed on Schedule E, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for such liabilities.

Moreover, in lieu of listing all of the Debtors' possible taxing authorities for notice purposes in Schedule E/F, the Debtors have only listed those taxing authorities to which the Debtors believe they owe outstanding obligations.

Additionally, all unsecured priority claims listed in Schedule E, Part 1, are reflected at, and are deemed made against, Hollander Sleep Products, LLC.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity or immunity from avoidance of any claim purported to be granted to a creditor listed on Schedule E/F. Moreover, although the Debtors have scheduled claims of various creditors, the Debtors reserve all rights to dispute or challenge any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

***Part 2 – Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

KE 62188637

To the extent the Debtors were unable to attribute a liability to a specific Debtor, the liability has been listed on Schedule E/F, Part 2, of Hollander Sleep Products, LLC.

Schedule E/F, Part 2, contains information regarding certain compensation-related claims of insiders of the Debtors, with such claims being listed as "contingent" and "unliquidated." In scheduling such claims, the Debtors make no representation or assertion as to the validity of such claims, and the Debtors reserve all rights, claims, and defenses in connection therewith.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In the ordinary course of business, the Debtors have retained certain customer prepayments and advances. Given the volume of such prepayments and advances and their confidential nature, the Debtors have not listed such prepayments and advances on Schedule E/F, Part 2. A more thorough description of the Debtors' customer relationships is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (B) Granting Related Relief* [Docket No. 7].

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if, or when, the Debtors receive such invoices.

(g)  **Schedule G – Executory Contracts and Unexpired Leases.** Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, in certain instances, executory

12

contracts and unexpired leases may be omitted due to their confidential nature but can be made available to the office of the United States Trustee for the Southern District of New York on a confidential basis. Additionally, relationships between the Debtors and their customers are often governed by a master services agreement, under which customers also place work and purchase orders, which may be considered executory contracts. The Debtors believe that disclosure of all of these purchase and work orders would be impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders placed thereunder may have been omitted.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

(h)    **Schedule H – Co-Debtors.** For purposes of Schedule H, only the agent under the prepetition credit facility or counterparties that are subject to a guaranty are listed as co-Debtors on Schedule H. The Debtors have not listed any litigation-related

13

co-Debtors on Schedule H.   Instead, all such listings can be found on Schedules E/F.

6.   **Specific Statements Disclosures.**

(a)   **Statements, Part 1, Questions 1 and 2 – Income and Non-business Revenue.**
Amounts listed for the current fiscal year are through May 19, 2019, rather than the Petition Date.

(b)   **Statements, Part 2, Questions 3 and 4 – Payments to Certain Creditors.**  Prior to the Petition Date, the Debtors maintained an integrated cash management system through which the Debtors made certain payments on behalf of their other affiliated entities.   Consequently, nearly all[2] payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Statements reflect payments made by Hollander Sleep Products, LLC on behalf of the corresponding Debtor entity, pursuant to the Debtors' cash management system described in the Cash Management Motion.  Moreover, due to the Debtors' historical reporting practices, the clearing dates for certain transactions may reflect the date the transaction was entered rather than the date the cash cleared the Debtors' account.

For the purposes of these Statements, the Debtors used May 19, 2019, as the Petition Date.  Any cash transfers made by the Debtors on such date, but prior to the actual filing of these chapter 11 cases, are reflected herein as occurring prepetition.

Payments made to Carl Marks Advisors are reflected in the Debtors' responses to Question 11.  Payments made by Carl Marks Advisors to Marc Pfefferle are not listed in response to Question 4.

(c)   **Statements, Part 2, Question 6 – Setoffs.**  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(t) of these Global Notes.

(d)   **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.**
The attachment to Question 11 of Hollander Sleep Products, LLC's Statement reflects payments to professionals made from the Debtors' main concentration account, which is owned by Hollander Sleep Products, LLC on behalf of the six other Debtor entities on a consolidated basis.  The Debtors believe that it would be an inefficient use of the assets of the estates to allocate these payments on a Debtor-by-Debtor basis.

(e)   **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.**
The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking

---

[2]   As reflected in its Statements, Hollander Sleep Products, LLC makes payments on its own behalf, with the exception of payments listed on Statement 11.

14

such disclosures.  Therefore, the Debtors have not provided full lists of these parties in their response to Statement Question 26, but have included parties who received audited financial statements.

(f)     **Statements, Part 13, Question 27 – Inventories.**  The Debtors inventory product at their various distribution centers on a regular basis (including, in many scenarios, on a daily basis).  In an effort to reduce the volume of disclosures that would be otherwise applicable, the Debtors have omitted such daily cycle counts conducted by the distribution centers.

(g)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.**  Distributions by the Debtors to their respective directors and officers are listed on the attachment to Questions 3 and 4.  Certain directors and executive officers of the Debtors are also directors and executive officers of certain Debtor and non-Debtor affiliates.  To the extent payments to such individuals are not listed in the response to Questions 3 and 4 on the Statements for such Debtor affiliates, they did not receive payment for their services as directors or executive officers of these entities.  Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date.  The amounts listed under Questions 3 and 4 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

*    *    *    *    *

| Debtor Name | **Dream II Holdings, LLC.** |
|---|---|
| **United States Bankruptcy Court for the Southern District of New York** | |
| Case number (if known): | **19-11607** |

☐ Check if this is an
amended filing

Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:**  Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*.................................................................................

$0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*.............................................................................

($39,546,167.81)
+Undetermined Amounts

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*................................................................................

($39,546,167.81)
+Undetermined Amounts

---

**Part 2:**  Summary of Liabilities

2.  *Schedule D: Creditors Who Have Claims Secured by Property*   (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D...........................

$233,306,318.49

3.  *Schedule E/F: Creditors Who Have Unsecured Claims*   (Official Form 206E/F)

3a. **Total of amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*.............................................

$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total amount of claims from Part 2 from line 5b of  *Schedule E/F*................................................

**+**   $0.00

4.  **Total liabilities** ...................................................................................................
Lines 2 + 3a + 3b

$233,306,318.49

| Debtor Name | **Dream II Holdings, LLC.** |
| --- | --- |

**United States Bankruptcy Court for the Southern District of New York**

| Case number (if known): | **19-11607** |
| --- | --- |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized.  In Schedule A/B, list any executory contracts or unexpired leases.  Also list them on  *Schedule G: Executory Contracts and Unexpired Leases*    (Official Form 206G).

Be complete and accurate as possible.  If more space is needed, attach a separate spreadsheet to this form.  At the top of any pages added, write the debtor's name and case number (if known).  Also identify the form and line number to which the additional information applies.  If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category.  List each asset only once.  In valuing the debtor's interest, do not deduct the value of secured claims.  See the instructions to understand the terms used in this form.

### Part 1:        Cash and cash equivalents

1.    **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

**All cash of cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2.    **Cash on hand**

3.    **Checking, savings, money market, or financial brokerage accounts**

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1 | Wells Fargo | Depository | 2581 | Undetermined |
| 3.2 | Wells Fargo | Depository | 2851 | Undetermined |
| 3.3 | Wells Fargo | Checking | 0451 | Undetermined |
| 3.4 | Wells Fargo | Depository | 8006 | Undetermined |
| 3.5 | Wells Fargo | Checking | 2005 | Undetermined |
| 3.6 | Wells Fargo | Depository | 7339 | Undetermined |

4.    **Other cash equivalents**

5.    **Total of Part 1**
     Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Undetermined |
| --- |

### Part 2:        Deposits and prepayments

Debtor  Dream II Holdings, LLC.                                    Case Number (if known) 19-11607

6.    **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7.    **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

8.    **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

9.    **Total of Part 2**
Add lines 7 through 8.  Copy the total to line 81.

| |
|---|
| |

**Part 3:**    **Accounts Receivable**

10.    **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11.    **Accounts receivable**

11a. 90 days old or less:    _____ - _____ =
                                  face amount                 doubtful or uncollectible accounts

11b. Over 90 days old:    _____ - _____ =
                                  face amount                 doubtful or uncollectible accounts

12.    **Total of Part 3**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| |
|---|
| |

**Part 4:**    **Investments**

13.    **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

Debtor  Dream II Holdings, LLC.                                    Case Number (if known) 19-11607

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14.** | **Mutual funds of publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| **15.** | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| | Name of entity:                                    % of ownership: | | |
| 15.1 | Hollander Sleep Products Canada Limited          100% | Market Value | Undetermined |
| 15.2 | Hollander Home Fashions Holdings, LLC            100% | Market Value | Undetermined |
| **16.** | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: | | |

| | | | |
|---|---|---|---|
| **17.** | **Total of Part 4**<br>Add lines 14 through 16. Copy the total to line 83. | | Undetermined |

| Part 5: | Inventory, excluding agricultural assets |
|---|---|

**18.   Does the debtor own any inventory (excluding agricultual assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| **19.** | **Raw Materials** | | | | |
| **20.** | **Work in progress** | | | | |
| **21.** | **Finished goods, including goods held for resale** | | | | |
| **22.** | **Other inventory or supplies** | | | | |

| | | | |
|---|---|---|---|
| **23.** | **Total of Part 5**<br>Add lines 19 through 22. Copy the total to line 84. | | |

Debtor  Dream II Holdings, LLC.                                    Case Number (if known) 19-11607

24. **Is any of the property listed in Part 5 perishable?**

☐ No.

☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops - either planted of harvested** | | | |
| 29. **Farm animals**<br>Examples: Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment**<br>(Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

Debtor  Dream II Holdings, LLC.                                              Case Number (if known) 19-11607

33.  **Total of Part 6**
Add lines 28 through 32. Copy the total to line 85.

34.  **Is the debtor a member of an agricultural cooperative?**

☐ No.
☐ Yes.

**Is any of the debtor's property stored at the cooperative?**

☐ No.
☐ Yes.

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes.     Book Value $ _____    Valuation Method _____    Current Value $ _____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.
☐ Yes.

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

**Part 7:**     Office furniture, fixtures, and equipment; and collectibles

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39.  **Office furniture**

Debtor  Dream II Holdings, LLC.                                    Case Number (if known) 19-11607

40.  **Office fixtures**

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

42.  **Collectibles**
     Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.  **Total of Part 7.**
     Add lines 39 through 42.  Copy the total to line 86.

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

     ☐ No.
     ☐ Yes.

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

**Part 8:**      **Machinery, equipment, and vehicles**

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

     ☑ No. Go to Part 9.
     ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.  **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles**

48.  **Watercraft, trailers, motors, and related accessories**
     Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels

Debtor  Dream II Holdings, LLC.                                    Case Number (if known) 19-11607

49.  **Aircraft and accessories**

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51.  **Total of Part 8.**
     Add lines 47 through 50. Copy the total to line 87.

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

     ☐ No.
     ☐ Yes.

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

**Part 9:        Real property**

54.  **Does the debtor own or lease any real property?**

     ☑ No. Go to Part 10.
     ☐ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

56.  **Total of Part 9.**
     Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

Debtor  Dream II Holdings, LLC.                                    Case Number (if known) 19-11607

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.

☐ Yes.

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 10: | Intangibles and intellectual property |
|---|---|

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, or trade secrets** | | | |
| 60.1   Trade Name | $15,044,129.20 | Net Book Value | $15,044,129.20 |
| 61.  **Internet domain names and websites** | | | |
| 62.  **Licenses, franchises, and royalties** | | | |
| 62.1   License Agreements | $7,196,507.03 | Net Book Value | $7,196,507.03 |
| 63.  **Customer lists, mailing lists, or other compilations** | | | |
| 64.  **Other intangibles, or intellectual property** | | | |
| 64.1   Favorable Leasehold Interests | $232,523.49 | Net Book Value | $232,523.49 |
| 65.  **Goodwill** | | | |
| 65.1   Goodwill | $44,549,169.14 | Net Book Value | $44,549,169.14 |

66.  **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.

| $67,022,328.86 |
|---|

Debtor  Dream II Holdings, LLC.                                    Case Number (if known) 19-11607

67. **Do your lists or records include personally identifiable information of customers?**

☑ No.
☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No.
☑ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

| Part 11: | All other assets |
|----------|------------------|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

                                                                          **Current value of
                                                                          debtor's interest**

71. **Notes receivable**
    Description (include name of obligor)

    _____  -  _____  =
    Total face amount            Doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

    73.1   See Attached Exhibit AB-73                                     Undetermined

74. **Causes of action against third parties (whether or not a lawsuit has
    been filed)**

Debtor  Dream II Holdings, LLC.                              Case Number (if known) 19-11607

**Nature of claim**

**Amount Requested**

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**Nature of claim**

**Amount Requested**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed**
     Examples: Season tickets, country club membership

| | | |
|---|---|---|
| 77.1 | Investment in Montreal | $58,024,312.00 |
| 77.2 | Intercompany Payable -Hollander Sleep Products, LLC | ($164,592,808.67) |

78.  **Total of Part 11.**
     Add lines 71 through 77.  Copy the total to line 90.

| ($106,568,496.67) |
|---|

+Undetermined Amounts

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

Debtor  Dream II Holdings, LLC.                                    Case Number (if known) 19-11607

| Part 12: | Summary |
|---|---|

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.**  *Copy line 5, Part 1.* | Undetermined | |
| 81. | **Deposits and prepayments.**  *Copy line 9, Part 2.* | | |
| 82. | **Accounts receivable.**  *Copy line 12, Part 3.* | | |
| 83. | **Investments.**  *Copy line 17, Part 4.* | Undetermined | |
| 84. | **Inventory.**  *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.**  *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.**  *Copy line 43, Part 7.* | | |
| 87. | **Machinery, equipment, and vehicles.**  *Copy line 51, Part 8.* | | |
| 88. | **Real Property.**  *Copy line 56, Part 9.* | | |
| 89. | **Intangibles and intellectual property.**  *Copy line 66, Part 10.* | **$67,022,328.86** | |
| 90. | **All other assets.**  *Copy line 78, Part 11.* | **($106,568,496.67)** +Undetermined Amounts | |

| | | | | | |
|---|---|---|---|---|---|
| 91. | **Total.**  Add lines 80 through 90 for each column. | 91a. | **($39,546,167.81)** +Undetermined Amounts | **+** 91b. | **$0.00** |

92. **Total of all property on Schedule A/B.**    Lines 91a + 91b = 92...................................................................    **($39,546,167.81)**
+Undetermined Amounts

# SCHEDULES OF ASSETS AND LIABILITIES

EXHIBIT FOR SCHEDULE AB

PART 11, QUESTION 73

INTERESTS IN INSURANCE POLICIES OR ANNUITIES

**Dream II Holdings, LLC**
**Case #19-11607**
**Schedule AB-73: Interests in insurance policies or annuities**

| Insurance Company | Coverage Description | Policy Number | Current Value of Debtors Interest |
|---|---|---|---|
| ACE American Insurance Co | Cyber (Privacy & Network Liability) | G25666707004 | Undetermined |
| Berkley Insurance Co. | Customs Bond - Importer # 27-054214300 Principal: Hollander Sleep Products, LLC | 190207179 | Undetermined |
| Berkley Insurance Co. | Customs Drawback Bond - Importer #27-054214300 Principal: Hollander Sleep Products, LLC | 180605012 | Undetermined |
| Continental Insurance Co (CNA) | Umbrella Liability (incl TRIA) | 6050424429 | Undetermined |
| Evanston Insurance Company (Markel) | 50% 1st Excess Property - includes Earth Movement, Flood | MKLV11XP007156 | Undetermined |
| Insurance Company of the State of Pennsylvania (AIG) | International Package:<br><br>Foreign Commercial General Liability<br>Foreign Business Auto & Physical Damage<br>Foreign Voluntary Compensation & Employers Liab<br>Foreign Travel Accident and Sickness<br>Foreign Commercial Property - Scheduled location | WS11001075 | Undetermined |
| Ironshore Specialty Insurance Company | 50% 1st Excess Property - includes Earth Movement, Flood | 003965000 | Undetermined |
| James River Insurance Company | 2nd Excess Property - excludes Earth Movement, Flood | 00081252-1 | Undetermined |
| Landmark American Insurance Company (RSUI) | 3rd Excess Property - excludes Earth Movement, Flood | LHD906954 | Undetermined |
| Lloyds of London | Cargo & Stock Throughput (incl TRIA) | B0509MARCW1900022 | Undetermined |
| Lloyds of London (Hiscox) | Terrorism | UTS2555987.19 | Undetermined |
| National Union Fire Ins Co (AIG) | Special Crime | 82867529 | Undetermined |
| Safety First Insurance Co. | Workers Compensation / Employers Liability | FCL 4059909 | Undetermined |
| Safety National Casualty Corp. | Commercial General Liability (incl TRIA) | GLF 4059904 | Undetermined |
| Safety National Casualty Corp. | Business Auto Liability & Physical Damage | CAF 4059905 | Undetermined |
| The Ohio Casualty Insurance Co (Liberty Mutual) | Excess Liability (incl TRIA) | ECO (20) 58458016 | Undetermined |
| Travelers | Commercial Crime | 106205672 | Undetermined |
| Travelers Casualty and Surety Company of America | Employment Practices Liability | 106876796 | Undetermined |
| Westport Insurance Corporation (Swiss Re) | Property - includes Earth Movement, Flood | NAP 2003249-01 | Undetermined |

| | |
|---|---|
| Debtor Name | **Dream II Holdings, LLC.** |
| **United States Bankruptcy Court for the Southern District of New York** | |
| Case number (if known): | **19-11607** |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D - Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | **Amount of Claim** Do not deduct the value of collateral | **Value of collateral that supports this claim** |
|---|---|---|

**2.1**

Creditor's name

**BARINGS FINANCE LLC**

Describe debtor's property that is subject to a lien

UCC LIEN

**$166,472,407.49**      **UNKNOWN**

Creditor's mailing address

**300 S TRYON ST, STE 2500
CHARLOTTE, NC 28202**

Describe the lien

Secured Term Loan

Creditor's email address, if known

Is the creditor an insider or related party?

☒ No

☐ Yes

Date debt was incurred

Last four digits of account number

Do multiple creditors have an interest in the same property?

☒ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

Is anyone else liable on this claim?

☐ No

☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:

☒ Contingent

☒ Unliquidated

☐ Disputed

**2.2**

Creditor's name

**WELLS FARGO BANK, NA**

Describe debtor's property that is subject to a lien

UCC LIEN

**$66,833,911.00**      **UNKNOWN**

Creditor's mailing address

**AS ADMINISTRATIVE AGENT
2450 COLORADO AVE, STE 3000 W
SANTA MONICA, CA 90404**

Describe the lien

Secured Asset-Based Loan

Creditor's email address, if known

Is the creditor an insider or related party?

☒ No

☐ Yes

Date debt was incurred

Last four digits of account number

Do multiple creditors have an interest in the same property?

☒ No

☐ Yes. Have you already specified the relative priority?

☒ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes.  The relative priority of creditors is specified on lines

Is anyone else liable on this claim?

☐ No

☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:

☒ Contingent

☒ Unliquidated

☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$233,306,318.49

Debtor Name    **Dream II Holdings, LLC.**                                          Case number (if known): **19-11607**

| **Part 1:** | **Additional Page(s)** | | |
|---|---|---|---|
| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. | | **Amount of Claim**<br>Do not deduct the value of collateral | **Value of collateral that supports this claim** |

| Debtor Name | **Dream II Holdings, LLC.** |
|---|---|

**United States Bankruptcy Court for the Southern District of New York**

Case number (if known):       **19-11607**

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F - Creditors Who Have Claims Unsecured Claims

12/15

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B) and on  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☒ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** | **Priority creditor's name and mailing address** | | |

As of the petition filing date, the claim is:       $_____     $_____

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (            )

| Debtor Name | **Dream II Holdings, LLC.** | Case number (if known): **19-11607** |
|---|---|---|

<table>
<tr><td colspan="2" style="background:black;color:white">**Part 2:**</td><td>**List All Creditors with NONPRIORITY Unsecured Claims**</td></tr>
</table>

| 3.1 | Nonpriority creditor's name and mailing address | | Amount of claim |
|---|---|---|---|

**As of the petition filing date, the claim is:**
$ _____

☐ Contingent

☐ Unliquidated

☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No

☐ Yes

| Debtor Name | **Dream II Holdings, LLC.** | Case number (if known): **19-11607** |
|---|---|---|

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | |
|---|---|
| **5a. Total claims from Part 1** | $0.00 |
| **5b. Total claims from Part 2** | $0.00 |
| **5c. Total claims of Parts 1 and 2**<br>Lines 5a + 5b = 5c | $0.00 |

| Debtor Name | **Dream II Holdings, LLC.** |
| --- | --- |
| **United States Bankruptcy Court for the Southern District of New York** | |
| Case number (if known): | **19-11607** |

☐ Check if this is an
amended filing

<u>Official Form 206G</u>

## Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| | | | |
| --- | --- | --- | --- |
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | SERVICES | CORVEL ENTERPRISE COMP, INC. C/O CORVEL CORPORATION ATTN: DIRECTOR, LEGAL SERVICES 2010 MAIN ST, STE 600 IRVINE, CA 92614 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | SERVICE | MARSH USA INC. 1166 AVENUE OF THE AMERICAS NEW YORK, NY 10036 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | ENGAGEMENT LETTER AGREEMEN | MERCER HEALTH & BENEFITS LLC 1560 SAWGRASS CORPORATE PKWY, STE 300 SUNRISE, FL 33323 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | SERVICES FINANCIAL AUDIT | PWC 101 SEAPORT BLVD, STE 500 BOSTON, MA 02210 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | AMENDED AND RESTATED MANAGEMENT SERVICES AGREEMENT | SENTINEL CAPITAL PARTNERS LLC 330 MADISON AVE, 27TH FL NEW YORK, NY 10017 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

Debtor Name    **Dream II Holdings, LLC.**                    Case number (if known): **19-11607**

| | **Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases** |

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

List all contracts and unexpired leases                State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| Debtor Name | **Dream II Holdings, LLC.** |
|---|---|

**United States Bankruptcy Court for the Southern District of New York**

| Case number (if known): | **19-11607** |
|---|---|

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**   Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | Name | Mailing Address | Name | Check all schedules that apply |
| 2.1 | HOLLANDER HOME FASHIONS HOLDINGS, LLC. | 901 YAMATO RD, STE 250 BOCA RATON, FL 33431 | Barings Finance LLC | ☒ D ☐ E/F ☐ G |
| 2.2 | HOLLANDER HOME FASHIONS HOLDINGS, LLC. | 901 YAMATO RD, STE 250 BOCA RATON, FL 33431 | Wells Fargo Bank, NA | ☒ D ☐ E/F ☐ G |
| 2.3 | HOLLANDER SLEEP PRODUCTS CANADA LIMITED | 724 CALEDONIA RD TORONTO, ON M6B 3X7 CANADA | Wells Fargo Bank, NA | ☒ D ☐ E/F ☐ G |
| 2.4 | HOLLANDER SLEEP PRODUCTS KENTUCKY, LLC. | 901 YAMATO RD, STE 250 BOCA RATON, FL 33431 | Barings Finance LLC | ☒ D ☐ E/F ☐ G |
| 2.5 | HOLLANDER SLEEP PRODUCTS KENTUCKY, LLC. | 901 YAMATO RD, STE 250 BOCA RATON, FL 33431 | Wells Fargo Bank, NA | ☒ D ☐ E/F ☐ G |

| Debtor Name | **Dream II Holdings, LLC.** | Case number (if known): **19-11607** |
|---|---|---|

▐ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.6  **HOLLANDER SLEEP PRODUCTS, LLC** | **901 YAMATO RD, STE 250 BOCA RATON, FL 33431** | Barings Finance LLC | ☑ D  ☐ E/F  ☐ G |
| 2.7  **HOLLANDER SLEEP PRODUCTS, LLC** | **901 YAMATO RD, STE 250 BOCA RATON, FL 33431** | Wells Fargo Bank, NA | ☑ D  ☐ E/F  ☐ G |
| 2.8  **PACIFIC COAST FEATHER CUSHION, LLC** | **7600 INDUSTRY AVE PICO RIVERA, CA 90660** | Barings Finance LLC | ☑ D  ☐ E/F  ☐ G |
| 2.9  **PACIFIC COAST FEATHER CUSHION, LLC** | **7600 INDUSTRY AVE PICO RIVERA, CA 90660** | Wells Fargo Bank, NA | ☑ D  ☐ E/F  ☐ G |
| 2.10  **PACIFIC COAST FEATHER, LLC** | **1964 FOURTH AVE S SEATTLE, WA 98134** | Barings Finance LLC | ☑ D  ☐ E/F  ☐ G |
| 2.11  **PACIFIC COAST FEATHER, LLC** | **1964 FOURTH AVE S SEATTLE, WA 98134** | Wells Fargo Bank, NA | ☑ D  ☐ E/F  ☐ G |

| | |
|---|---|
| **Debtor Name** | Dream II Holdings, LLC. |
| **United States Bankruptcy Court for the Southern District of New York** | |
| **Case Number:** 19-11607 | |

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.**

| | |
|---|---|
| ■ | **Declaration and signature** |

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*     (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*     (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*     (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206 G)

☑ *Schedule H: Codebtors*     (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*     (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*

I, the Chief Executive Officer of the Dream II Holdings, LLC., declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 39 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on:  6/21/2019             Signature  /s/ Marc Pfefferle
              MM / DD / YYYY

                                           Marc Pfefferle
                                       Printed Name

                                           Chief Executive Officer
                                       Title